**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————— X
:
AMOR DORIGO, on behalf of himself and all : 
others similarly situated, :
:
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
FCR COLLECTION SERVICES and FEDCHEX :
RECOVERY LLC, :
:
Defendants. :
———————————————————— X


**PRELIMINARY STATEMENT**

1.     Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendants FCR COLLECTION SERVICES and FEDCHEX RECOVERY LLC (collectively "Defendants") and their employees, agents and successors violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendants that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

5. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendants each maintain an office located at 27042 Towne Center Drive, 150, Foothill Ranch, California 92610.

7. Defendants use the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

**CLASS ACTION ALLEGATIONS**

9. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the

"Class"), who were sent debt collection letters and/or notices from the Defendants, in violation of the FDCPA, as described in this Complaint.

10. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from Defendants (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period is from December 3, 2019 to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.
>
> b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

> > i. Whether the Defendants violated various provisions of the FDCPA;
> >
> > ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
> >
> > iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
> >
> > iv. Whether Plaintiff and the Class are entitled to declaratory relief.
>
> c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
>
> d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class

Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to December 3, 2019, Plaintiff allegedly incurred a financial obligation to MEDICAL DIAGNOSTIC LABS LLC.

19. Plaintiff allegedly incurred the MEDICAL DIAGNOSTIC LABS LLC obligation in connection with respect to telecommunication services.

20. The MEDICAL DIAGNOSTIC LABS LLC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the MEDICAL DIAGNOSTIC LABS LLC obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The MEDICAL DIAGNOSTIC LABS LLC obligation did not arise out of a transaction that was for non-personal use.

23. The MEDICAL DIAGNOSTIC LABS LLC obligation did not arise out of a transaction that was for business use.

24. The MEDICAL DIAGNOSTIC LABS LLC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. MEDICAL DIAGNOSTIC LABS LLC and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before December 3, 2019, the MEDICAL DIAGNOSTIC LABS LLC obligation was referred to Defendants for the purpose of collection.

27. At the time the MEDICAL DIAGNOSTIC LABS LLC obligation was referred to Defendants the MEDICAL DIAGNOSTIC LABS LLC obligation was past due.

28. At the time the MEDICAL DIAGNOSTIC LABS LLC obligation was referred to Defendants the MEDICAL DIAGNOSTIC LABS LLC obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated December 3, 2019, which was addressed to Plaintiff and sought a balance of $190.63 on the MEDICAL DIAGNOSTIC LABS LLC obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The December 3, 2019 letter was sent to Plaintiff in connection with the collection of the MEDICAL DIAGNOSTIC LABS LLC obligation.

31. The December 3, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The December 3, 2019 letter was the initial written communication that Plaintiff received from Defendants. No other written communication was received by Plaintiff from Defendants within five days of the December 3, 2019 letter.

33. Upon receipt, Plaintiff read the December 3, 2019 letter.

34. The December 3, 2019 letter provides:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion

thereof, this office will assume the debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.  This communication is from a debt collector.  This is an attempt to a debt by a debt collector and any information obtained will be used for that purpose.

35. This notice is mandated by 15 U.S.C. 1692g(a)(1) through (5) ("Validation Notice").

36. On the reverse side of the December 3, 2019 letter is the following language:

ACH DISCLOSURE: **When you provide a check as a payment, you authorize us either to use information from your check to make an electronic funds transfer from your account** or to process the payment as a check transaction.  **When information from your check is used to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.** (emphasis added)

37. Defendants' request for payment within the "30 day dispute period" coupled with the "warning" that checks would be deposited immediately and not returned without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the Validation Notice ineffective.

38. Without the inclusion of a "Reconciling Statement", Defendants' letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

39. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does

not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

40. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

41. Plaintiff and others similarly situated would be confused by Defendants' demand for payment within the "30 day dispute period" allowed under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendants return the payment?

42. Defendants' December 3, 2019 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

43. FCR knew or should have known that its actions violated the FDCPA.

44. Additionally, based upon information and belief, Plaintiff does not owe the debt which is the subject of the December 3, 2019 collection letter.

45. The December 3, 2019 collection letter repeatedly identifies the collector as "FCR Collection Services".

46. However, there is no such company registered with the California Secretary of State where Defendants are based with the name "FCR Collection Services."

47. "FCR Collection Services" is not a business registered to do business in the State of New Jersey.

48. "FCR Collection Services" is not registered as a trademark with the United States Patent and Trademark Office.

49. As such, the name "FCR Collection Services" is not the true name of the entity collecting the debt from Plaintiff.

50. Rather the true name of the debt collector is "Fedchex Recovery LLC"

51. Yet, nowhere on the collection letter is Defendant's true name Fedchex Recovery LLC found.

52. By looking at the December 3, 2019, there is no way that the least sophisticated consumer could discern that the true name of the debt collector is Fedchex Recovery LLC.

53. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

54. As a result of Defendants' conduct, Plaintiff sustained a concrete, actual injury.

55. In the last year, Defendants sent collection letters to numerous New Jersey consumers in which Defendants which contained the same language discussed herein. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant

56. Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

57. Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

58. Defendants violated Plaintiff's right to a trustful and fair debt collection process.

59. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts

60. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

61. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

62. It is Defendants' pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

### POLICIES AND PRACTICES COMPLAINED OF

63. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

64. Defendants has sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

65. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

66. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

67. Defendants' letters would cause the least sophisticated consumer to be confused about his or her rights.

68. Defendants' letters would cause the least sophisticated consumer to be confused about his or her right to dispute the debt in light of with Defendants' demand for payment within the "30 day dispute period".

69. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

70. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

71. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

72. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

73. Defendants violated 15 U.S.C. § 1692e(2) since the subject debt was not incurred by Plaintiff.

74. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

75. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

76. Defendants violated 15 U.S.C. § 1692e(14) by the use of any business, company or organization name other than the true name of the debt collector's business, company or organization.

77. Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

78. Defendants violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3) and (4).

79. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  Rutherford, New Jersey
        December 3, 2020

                                      Respectfully submitted,

                                      By: s/ Lawrence C. Hersh
                                        Lawrence C. Hersh, Esq.

17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 3, 2020                    By: s/ Lawrence C. Hersh
                                               Lawrence C. Hersh, Esq

# EXHIBIT A



Date: 12/03/19

Amor Dorigo

**Ph (888) 286-0322**
Fax (949) 440-4655

| Account #: | ████-0310 | Creditor: Medical Diagnostic Labs LLC | |
|---|---|---|---|
| | Principal Balance | | $190.63 |
| | Payment(s) \ Adjustment(s) | | $.00 |
| **Total Due** | | | **$190.63** |

Dear Customer:

Out of courtesy we are contacting you regarding the above referenced account. Our client, Medical Diagnostic Labs LLC, has requested us to resolve this matter with you.
According to our client's records, the terms and conditions of your agreement with our client were not met, therefore the balance has been forwarded to collections.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

We understand that this may have been an oversight. You are able to remit full payment on our website at www.paymybalance.com. You are also able to make a full payment over the phone or if you cannot pay the full balance, you may make payment arrangements with a representative by contacting us at (888) 286-0322.

Our client values your business and we thank you in advance for helping to resolve this matter.

Respectfully,

FCR Collection Services

---

| Pay online: | Pay by telephone: | Pay by Mail: |
|---|---|---|
| www.paymybalance.com | (888) 286-0322 | Make check payable to FCR Collection Services |

Please be advised some methods of payment are through a third party and may contain a processing fee.

****BEFORE RESPONDING TO THIS LETTER SEE REVERSE SIDE FOR IMPORTANT NOTICES****

FEDC/9000-0008    740010795392    49/000000025/000000001

P.O Box 18978
Irvine, CA  92623

Creditor: Medical Diagnostic Labs LLC
Total Due: $190.63
Account #: ████-0310


Amor Dorigo


FCR Collection Services
P.O Box 18978
Irvine, CA  92623-8851

| CLAIM SUMMARY | | |
|---|---|---|
| Reference | **Principal Balance** | **Total Amount** |
| | 190.63 | 190.63 |
| Total Due | | $190.63 |

```
****************************************************************************************
```
ACH DISCLOSURE: When you provide a check as a payment, you authorize us either to use information from your check to make an electronic funds transfer from your account or to process the payment as a check transaction. When information from your check is used to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If your electronic payment is returned for any reason, a returned fee not to exceed the state maximum legal limit will be added to your balance.
```
****************************************************************************************
```

9000-0008